## E. W. WORTHEN V. COUNTY OF JOHNSON.

### FILED NOVEMBER 7, 1901. No. 10,458.

1. **Criminal Prosecution: IN NOMINE REPUBLICÆ.** All criminal prosecutions must be by and carried on in the name of the state of Nebraska. Constitution, art. 6, sec. 24.

2. **Witness's Fees: LIABILITY OF COUNTY.** The liability of a county for the per diem and mileage of defendant's witnesses in a prosecution for a felony, even though an acquittal follows, must arise by some express provisions of the statute, and not by implication.

3. ——: ——: **INDICTMENT FOR FELONY: CODE.** Prior to the amendment in 1885 of section 461 of the Criminal Code, a county was not liable for defendant's witness costs where he is indicted for a felony. *Hewerkle v. Gage County*, 14 Neb., 18.

4. ——: ——: ——. Under the provisions of section 461, as amended, a county is liable for the per diem and mileage of witnesses for the defendant in prosecutions for a felony, when the defendant has been convicted and is unable to pay such fees, or where he is acquitted, only when there has been filed in the case the affidavits required by that section, and an order of court entered that such witnesses, not exceeding the number limited, be summoned, and paid their witness fees from the county treasurer.

5. **Petition.** Petition *held* not to state a cause of action.

ERROR from the district court for Johnson county. Tried below before STULL, J. *Affirmed.*

*L. C. Chapman,* for plaintiff in error.

*M. B. C. True,* contra.

HOLCOMB, J.

The plaintiff in error was a witness for the defense in a criminal prosecution wherein the defendant in the criminal action was charged with a crime amounting to a felony. The case was tried in the district court of Pawnee county on a change of venue from Johnson county. On the trial of the criminal charge, the defendant was acquitted. The costs made in the case, including plaintiff's

claim for witness fees were properly certified by the clerk of the district court of Johnson county, wherein the crime was alleged to have been committed and the prosecution begun, to the board of county commissioners. That body refused to allow plaintiff in error his claim and rejected the same. An appeal from the action taken was duly perfected to the district court where a petition by the plaintiff was filed, which was demurred to and the demurrer was sustained. From the ruling of the trial court sustaining the demurrer to his petition the plaintiff prosecutes error.

The petition seems to be framed on the theory that Johnson county, the defendant in error, was plaintiff, filed the information and prosecuted in its name the defendant in the criminal prosecution mentioned, and that on the verdict of acquittal a judgment was rendered against the county for costs. If such were the case, that proceeding and the judgment rendered therein would be a nullity binding upon none, since all criminal prosecutions must be by and carried on in the name of the state of Nebraska. Constitution, art. 6, sec. 24. We are disposed, however, to overlook the weakness of the petition in this regard, and consider the matters presented as though the criminal prosecution was in all respects regular, as we assume it was, and that the acquittal of the defendant left the question of liability of the county for the fees of defendant's witnesses made by him and on his behalf to be determined on other considerations. The sufficiency of the petition is challenged on different grounds, one of which only, in our view of the case, is it advisable to consider. We are cited by counsel to several sections of the Civil Code, and some authorities construing such sections, in support of the position taken by the plaintiff in error as to the liability of the county for the defendant's costs in the criminal action. In our judgment, none of these citations are at all applicable to the question of the sufficiency of the petition, or the liability of the county under the facts pleaded, and they will not, therefore, be considered.

The question presented is whether the county is obligated and should be held responsible for the payment of the per diem and mileage due to the defendant's witnesses in a criminal prosecution in which an acquittal followed, and this must be found, if at all, in the Criminal Code. Neither the state or county can be held liable for such costs except by force of statutory provisions. The liability of the county for payment of defendant's witness fees and costs in criminal prosecutions arises only by virtue of legislative enactment. It can not arise by implication, but must be by express statutory provision. *Dodge County v. Gregg*, 14 Nebr., 305. Our attention is called to section 537 of the Criminal Code which provides: "Upon the discharge or conviction of the defendant in any case of felony in the district court, it shall be lawful for the clerk of such court to file in the office of the county clerk a bill of the costs not previously allowed by the county commissioners, whereupon the same shall be examined into, audited, and allowed, and paid in the manner specified in the last preceding section," etc. It is claimed this section establishes a liability on the county for such costs. We do not so regard it. The object of the section was not to fix upon the county liability for any particular class of costs but to provide a means for the payment of such costs as the county was legally liable for. The preceding section to which reference is made relates to the manner of payment of certain fees and costs in criminal cases on preliminary examination before magistrates. This last mentioned section has been thoroughly considered and construed in the case of *Boggs v. Washington County*, 10 Nebr., 297; also *Dodge County v. Gregg, supra*. It is also provided by section 541 that the fees of all witnesses in criminal cases in the district court shall be paid by the county where the indictment is found; but this does not have the effect of enlarging the liability of the county for a defendant's witnesses' fees in case of an acquittal, but only locates the county responsible for such fees as it may legally be required to pay. These several sections have formed a part

of the Criminal Code almost ever since its adoption. The county's responsibility for costs in criminal cases made by witnesses for the defendant has heretofore been before the court for consideration, and it is held, as we understand the force of the decision, not to exist. With these sections then existing and in force as a part of the Criminal Code, it was decided in 1883, in the case of *Hewerkle v. Gage County*, 14 Nebr., 18, that the county is not liable for defendant's witness costs where he is indicted for a felony. Says Cobb, J., who wrote the opinion of the court: "Again, if it be conceded that it was the intention of the framers of the constitution to make it the duty of the legislature to provide for the payment of the costs of the witnesses of all persons indicted for felonies, it will also be obvious that until that duty is discharged by the legislature, the right thereto on the part of the citizen remains suspended. It can not be claimed to be one of those rights which vindicate themselves and can be enjoyed without further grant or limitation by the law-making power. The writer can not conceive that it could have been the intention of the experienced men who framed the constitution, to place within the uncontrolled hand of every malefactor the power to inundate the streets of the county seat, where he is about to be tried for crime, with his friends from the four corners of the state under the pay of the county, upon pretense that they are his witnesses." In view of the construction placed on the different sections referred to, the legislation which immediately followed the decision in the case of *Hewerkle v. Gage County, supra,* should, it would seem, put at rest all possible doubt regarding the subject. The legislature of 1885 amended section 461 as it then existed and provided specially that any person accused of crime amounting to a felony shall have compulsory process for witnesses, who shall be paid their mileage and per diem as shall be allowed by law to witnesses for the state, and in case the accused is convicted and unable to pay such fees, or in case he is acquitted, such mileage and per diem shall be paid out of the county treasury; provided,

says the statute, that in no case shall the fees of any such witnesses be so paid unless before the trial the accused person shall make and file his affidavit, supported by the affidavit of his counsel, stating the names of the witnesses, and that he has been advised by his counsel that their testimony is material, whereupon the court or judge shall make an order directing that such witnesses, not exceeding fifteen in number, shall be paid out of the county treasury. This section is the last expression of the legislature on the subject. It was evidently to provide for that which was held not to exist in the case last cited, to-wit, the liability of the county for witness fees of a defendant in a criminal case amounting to a felony, where he was convicted and unable to pay such fees, and also when acquitted. The statute is not ambiguous nor uncertain as to its meaning. It admits of but one construction, and that is that in order to render the county liable for defendant's witness fees, the affidavits mentioned must be made and filed in the case, and an order of the district court entered directing that such witnesses be summoned at the expense of the county. The limitation as to number was in all probability to prevent the very condition of things suggested by Judge COBB in the excerpt of the opinion heretofore set forth. The petition in the case at bar utterly fails to show a compliance with the requirements of the statute with reference to the affidavits and order of court as to the witnesses for the defendant in the criminal action mentioned, and it for that reason fails to state a cause of action.

The ruling of the trial court is right, should be, and is,

AFFIRMED.